Todd M. Friedman (SBN 216752)
Nicholas J. Bontrager (SBN 252114)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CENTRAL CREDIT SERVICES, INC. and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No. **'12 CV 2424 LAB WMC** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Carrie Couse ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Central Credit Services, Inc., ("Defendant" or "CCS"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone

1  Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's
2  privacy.

3  ## JURISDICTION & VENUE

4      2.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident
5  of California, seeks relief on behalf of a Class, which will result in at least one class member
6  belonging to a different state than that of Defendant, a company with its principal place of
7  business and State of Incorporation in Florida state.  Plaintiff also seeks up to $1,500.00 in
8  damages for each call in violation of the TCPA, which, when aggregated among a proposed
9  class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.
10  Therefore, both diversity jurisdiction and the damages threshold under the Class Action
11  Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

12      3.    Venue is proper in the United States District Court for the Southern District of
13  California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does
14  business within the state of California and the county of San Diego.

15  ## PARTIES

16      4.    Plaintiff, Carrie Couser ("Plaintiff"), is a natural person residing in California
17  and is a "person" as defined by *47 U.S.C. § 153 (10).*

18      5.    Defendant, Central Credit Services, Inc. ("Defendant" or "CCS"), is a leader in
19  the  consumer debt collection industry and is a "person" as defined by *47 U.S.C. § 153 (10).*

20      6.    The above named Defendant, and its subsidiaries and agents, are collectively
21  referred to as "Defendants."  The true names and capacities of the Defendants sued herein as
22  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who
23  therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein
24  as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of
25  Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants
26  when such identities become known.

27      7.    Plaintiff is informed and believes that at all relevant times, each and every
28  Defendant was acting as an agent and/or employee of each of the other Defendants and was

1   acting within the course and scope of said agency and/or employment with the full knowledge
2   and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the
3   acts and/or omissions complained of herein was made known to, and ratified by, each of the
4   other Defendants.

5   **FACTUAL ALLEGATIONS**

6   8.   Beginning in or around July of 2012, Defendant contacted Plaintiff on her
7   cellular telephone, (909) 684-4164, in an attempt to collect an alleged outstanding debt owed
8   by a "Breanna Grace."

9   9.   Defendant placed multiple calls, often on a virtual daily basis to Plaintiff's
10   cellular telephone seeking to collect the alleged debt owed by "Breanna Grace."

11   10.   Defendant used an "automatic telephone dialing system", as defined by *47*
12   *U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed
13   by "Breanna Grace."

14   11.   Defendant's calls constituted calls that were not for emergency purposes as
15   defined by *47 U.S.C. § 227(b)(1)(A)*.

16   12.   Defendant's calls were placed to telephone number assigned to a cellular
17   telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. §*
18   *227(b)(1)*.

19   13.   Plaintiff is not "Breanna Grace", does not owe the alleged debt Defendant is
20   calling her about and has never provided any personal information, including her cellular
21   telephone number, to Defendant for any purpose whatsoever.  Accordingly, Defendant never
22   received Plaintiff's "prior express consent" to receive calls using an automatic telephone
23   dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47*
24   *U.S.C. § 227(b)(1)(A)*.

25
26
27
28

## CLASS ALLEGATIONS

14.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

15.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

16.     Defendant, its employees and agents are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

18.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the

privacy of said Plaintiff and Class members.

19. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

20. As a person that received numerous collection calls from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

21. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management

difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

25.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

27.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

28.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

(Against All Defendants)

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

32.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. § 227(b)(1)*, Plaintiff and the Class members are entitled to  and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 8th Day of October, 2012.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:     /s/ Todd M. Friedman
        Todd M. Friedman
        Law Offices of Todd M. Friedman
        Attorney for Plaintiff